IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| APPLIED CAPITAL, INC., | § | |
| Plaintiff, | § | Civil Action No. 2:25-cv-00673 |
| v. | § | JURY TRIAL DEMANDED |
| SIEMENS INDUSTRY, INC., | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This suit concerns alarm monitoring patents owned by Applied Capital, Inc., including, for example, United States Patent Numbers 8,378,817 ("'817 Patent") and 9,728,082 ("'082 Patent"). Applied Capital is a commercial finance company started in 1998 by Jim Scott and Sara Douglas of New Mexico. Bringing the alarm monitoring inventions to market was an important part of Jim's vision as he led Applied Capital for the past 20 years.

Sadly, Jim passed away in March of 2024 after battling an aggressive brain tumor. Jim was beloved as a father, husband, uncle, sibling, and friend. He was an expert sailor, die-hard snowboarder, world-class mountain climber, competitive runner, and photographer. Jim was a trailblazer that taught and inspired so many during his journey through life. Jim lives on through his daughter, wife, family, and friends. May his soul rest in peace.

Plaintiff further alleges as follows:

## THE PARTIES

1. Plaintiff, a commercial finance company, provides debt financing to clients across the United States and Canada. Founded in 1998, Plaintiff is organized under the laws of the State of New Mexico. For the past 20 years, Plaintiff's business has included financing the commercialization and patenting of innovations described and claimed in a family of alarm monitoring patents, including the '082 Patent. Plaintiff is the exclusive owner of all right, title, and interest in each patent.

2. Defendant, a for-profit corporation formed and existing under the laws of the State of Delaware, promotes and sells security management solutions for professional and industrial applications, including through the website www.siemens.com. Defendant's business involves promoting, selling, and supporting security management systems, including software and hardware sold under the names "Siveillance Control" and "Siveillance Control Pro". Defendant's customers include security system integrators, facility managers, and industrial clients. Defendant teaches its customers how to install and use the products it sells. Defendant maintains sales and technical support teams in offices in the United States. Defendant has an office located at 5800 Granite Parkway, Suite 600, Plano, Texas, 75024. Defendant can be served with process through its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900 Dallas, Texas 75201.

## JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Texas has jurisdiction over the subject matter of this action. United States district courts have original jurisdiction of claims arising out of federal law and patent law. 28 U.S.C. § 1331; 28 U.S.C. § 1338(a). This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

4. The United States District Court for the Eastern District of Texas has personal jurisdiction over Defendant, and venue is proper under 35 U.S.C. § 1400(b). Defendant has a regular and established place of business in this District, including an office located at 5800 Granite Parkway, Suite 600, Plano, Texas, 75024, and has committed acts of infringement in this District.

## ILINKX

5. Following the attacks of September 11, 2001, Rodney Fox, a former security systems installer, recognized that first responders on the scene of a building emergency needed a better way to understand the layout, conditions, and challenges of an emergency situation in real time. At the time, first responders had no way to visualize the information tracked by on-site security and alarm panels, which were designed to monitor sensors installed in various zones of commercial buildings.

6. Recognizing first responders needed enhanced situational awareness, Fox developed a hosted software application he marketed under the name "iLinkx."

Fox designed iLinkx as a electronic map-based interface that could be transmitted to first responders over a network with real-time data from building alarm panels in order to "unleash the power to display critical information as it occurs, in real time with just a few simple clicks."

7. Fox described iLinkx in two provisional patent applications filed with the United States Patent Office. The first, United States Provisional Patent Application Number 61/147,948, was filed on January 28, 2009 and is associated with Attorney Docket Number "ILNX-1-1001" ("January 2009 Provisional"). The second, United States Provisional Patent Application Number 61/228,044, was filed on July 23, 2009 and is associated with Attorney Docket Number "ILNX-1-1002" ("July 2009 Provisional").

8. Exhibit 4 to this complaint is a certified, true copy of the file wrapper and contents of the January 2009 Provisional. Exhibit 5 to this complaint is a certified, true copy of the file wrapper and contents of the July 2009 Provisional.

9. In what appears to be promotional material for a product or service called "iLinkx", the January 2009 Provisional includes an informational graphic that, among other things, appears to show: (1) a computer screen displaying an image of a multi-level building (and premises) in a screen of an executing application, (2) a computer (or like structure) below the computer screen; and, in the background of the informational graphic, (3) a floor plan with a point labeled "YOU ARE HERE".

Fire & Security Alarms – Carbon Monoxide - Hazardous Materials – As-Built Drawings – Evacuation Routes – Utility Disconnects




*iLinkx is your connection to critical information*

Use your existing network connection and unleash the power to display critical information as it occurs, in real time with just a few simple clicks. *iLinkx* is ideal for Authorities, Management, and other First Responders. It's a useful tool for conducting maintenance or code compliance testing.

Today's technology offers mobility and *iLinkx* has made that mobility affordable. So the next time you receive a critical signal, simply make a few simple clicks and display it, because life can change in the blink of an i




Contact Us: 3848 E. Lookout Drive, Coeur d'Alene, Idaho 83815 Phone 800-788-8016 Fax: 800-788-8017 ilinkx@sprynet.com

10. The floor plan appears to define the boundaries of various rooms, corridors, and spaces using line segments. Circular symbols are positioned at points in various corridors of the floor plan. A polygon having a rectangular shape appears to be overlaid over the floor plan and around one such circular symbol. The sides of the polygon form a rough outline around a circular symbol that is positioned in the corridor that runs vertically near the center of the floor plan. The polygon is positioned in an area that spans portions of said corridor and portions of the rooms on either side of its walls. Both the polygon outline and the portions of floor plan occupying the same area are visible. The parametric curve extends from a point located on the floor plan and reaches approximately the middle of the upper edge of a text label that reads "YOU ARE HERE". The parametric curve crosses through areas occupied by spaces defined in the floor plan. Both the parametric curve and the portions of the floor plan occupying the same area are visible.

11. The July 2009 Provisional states "[0004] In some embodiments, the system receives a signal, identifies a field device, obtains critical information associated with the field device, automatically dispatches a text message containing the critical information, and automatically dispatches an email having text and/or color graphic images/PDF documents containing the critical information, and automatically archives data relating to the signal and dispatch of the critical

information. Accordingly, the system can reduce response time by promptly providing critical information to a first responder."

12. The July 2009 Provisional states "The system shall support multiple graphic file formats. Files shall be attached to an incoming alarm and linked in a hierarchy so navigation can be performed by the operator. This shall enable the system to receive an alarm and automatically display a street map and/or subsequent graphics of the building, wing, floor, room, and finally to the device icon."

13. The July 2009 Provisional also states "In an emergency situation, multiple hierarchical graphics shall provide the dispatchers with the most accurate and efficient method of understanding the physical situation of an event."

**U.S. PATENT NO. 9,728,082 AND RELATED PATENTS**

14. United States Patent No. 9,728,082, titled "Premises monitoring system," was issued on August 8, 2017. The '082 Patent issued from United States Patent Application No. 13/767,580, which was filed on February 14, 2013 as a continuation of United States Patent Application No. 12/695,373, now United States Patent No. 8,378,817 ("'817 Patent"), which claims priority to the January 2009 Provisional and the July 2009 Provisional.

15. United States Patent No. 10,255,800, titled "Premises monitoring system," was issued on April 9, 2019 ("'800 Patent"). The '800 Patent issued from United States Patent Application No. 15/642,023, which was filed on July 5, 2017

as a continuation of United States Patent Application No. 13/767,580, now the ’082 Patent, which claims priority to the January 2009 and July 2009 Provisionals.

16. Exhibit 2 to this complaint is a certified, true copy of the ’082 Patent. Exhibit 3 to this complaint is a certified, true copy of the ’800 Patent. Exhibit 6 to this complaint is a certified, true copy of the ’817 Patent.

17. The ’082 Patent, ’800 Patent, and ’817 Patent each claim patent-eligible subject matter, and each patent is valid and enforceable.

18. Rodney Fox is the named inventor listed on each patent.

19. Plaintiff is the owner of all rights, title, and interest in and to the ’082 Patent, the ’800 Patent, and the ’817 Patent.

20. Defendant is not licensed to the ’082 Patent, either expressly or implicitly. Defendant is not licensed to the ’800 Patent, either expressly or implicitly. Defendant is not licensed to the ’817 Patent, either expressly or implicitly. Nor does Defendant enjoy or benefit from any rights in or to such patents whatsoever.

## THE ACCUSED INSTRUMENTALITIES

21. In or about 2019, Defendant began promoting and selling security management software and systems under names or identifiers such as “Siveillance

Control" and "Siveillance Control Pro" (each an "Accused Instrumentality"). Each Accused Instrumentality is accused of infringement in this case.

22. Exhibit 7 to this complaint is a copy of a 153-page printout of a Siemens-branded online resource called "Siveillance Control MP 3.4 Operation Manual," bearing the date May 15, 2025. This resource is available through the URL: https://sid.siemens.com/r/A6V11265183/16231901579_16242060939__en-US_5797084939. Exhibit 8 to this complaint is a copy of a 359-page printout of a Siemens-branded online resource called "Siveillance Control MP 3.4 Administrative Configuration," bearing the date May 15, 2025. This resource is available via the URL: https://sid.siemens.com/r/A6V11449884/16231893771_20082020875__en-US_5797084939.

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,728,082**

23. Plaintiff repeats and re-alleges each allegation of the prior paragraphs as though set forth fully herein.

24. Each Accused Instrumentality infringes at least claim 1 of the '082 Patent. The invention recited in claim 1 of the '082 Patent concerns a non-volatile and non-transient computer-readable medium comprising machine-executable code. Each Accused Instrumentality includes called the Siveillance Control application along with other machine-executable code in or on a non-volatile and non-transient computer readable medium.

25. Claim 1 of the ’082 Patent recites, among other things, “code receiving one or more signals containing a device identifier and a device condition from one or more remote alarm monitoring systems.”

26. Each Accused Instrumentality includes client/server software called the Siveillance Control application along with other machine-executable code for receiving signals containing a device identifier and a device condition from a remote alarm monitoring system. Each Accused Instrumentality provides functionality for receiving alarm signals or other event messages from connected cameras, detectors, access control systems, fire alarms, and other objects that detect events in the field. Such alarm signals and event messages include a “detector number” or like identifier that identifies the specific detector that detected the event in the field. Such alarm signals and event messages also include an event “message” reflecting the detected event or detector condition (connection lost, motion detected). The detector number field of an alarm signal or event message embodies “a device identifier” as recited by claim 1 of the ’082 Patent. The message field of an alarm signal or event message embodies “a device condition” as recited by claim 1 of the ’082 Patent.

27. Claim 1 of the ’082 Patent recites, among other things, “code determining one or more communication methods and communication destinations based on the device identifier and the device condition.”

28. Each Accused Instrumentality includes code for determining one or

more communication methods and communication destinations based on the device identifier and the device condition. As stated in paragraph 25, each alarm signal or event message is made up of a device identifier (e.g., detector number) and device condition (e.g., message text). Message control can be defined in Siveillance Control such that notification of an alarm signal or event message can be routed to workstations or user groups associated with the alarm signal or event message. In particular, an administrative user can associate particular workstations and users with an alarm signal or event message by configuring message control types and message control rules. Each Accused Instrumentality includes code for checking which workstations are assigned to groups that can receive notification of an alarm signals and event messages via the Siveillance Control application client. Such code embodies "code determining one or more communication methods and communication destinations based on the device identifier and the device condition."

29. Claim 1 of the '082 Patent recites, among other things, "code retrieving enhanced information based on the device identifier and the device condition" and "wherein the retrieving enhanced information based on the device identifier and the device condition comprises retrieving images based on the device identifier and the device condition, the images comprising all of the members selected from the group consisting of superimposed visual indicators, hierarchically organized graphical images, and vector-based graphical images."

30. Each Accused Instrumentality includes software, including the Siveillance Control application, along with other machine-executable code for retrieving images associated with an alarm signal or event message, where the images include superimposed visual indicators, hierarchically organized graphical images, and vector-based graphical images. Each Accused Instrumentality allows a user to associate detectors and other objects with a graphic that appears as a floor plan or layout of an area in which the detector or other object placed. On the graphic, a user can set and view the geographic location of detectors and other objects by adding them to the graphic as icons or symbols. A graphic gives a user a visual overview of the locations and distributions of the objects (e.g., detectors, navigation points) placed on the floor plan or layout of the area. A user can add navigation points to a graphic in order to provide a linkage from that graphical layout view to another graphical layout view. Using navigation points, graphic layouts can be organized into hierarchies that enable a recipient of an alarm signal or event message to navigate from a higher level perspective to a lower level perspective, e.g., from a site level, to a building level, to a floor level, to a wing or room level, to a particular zone level. Detectors and other objects placed on a graphic embody "superimposed visual indicators." Graphics that appear as floor plans or visual layouts with detectors and other object are "graphical images." When linkages between two or more of such graphics are formed by adding navigation points, the resulting set of

graphics become accessible through one another and thus embody "hierarchically organized graphical images." Further, when provided in DWG, DXF, and GRX formats, such graphics, that appear as floor plans or visual layouts of an area, embody "vector-based graphical images." When an Accused Instrumentality detects an alarm signal or event message associated with a set of graphics, the Siveillance Control application retrieves the graphics for display in the Graphics view of the application, including graphics that appear as a floor plan or visual layout with detectors and other objects such as navigation points, thereby facilitating hierarchical drill-down navigation to the alarm's location.

31. Claim 1 of the '082 Patent requires, among other things, "and code dispatching the enhanced information to the one or more communication destinations using the one or more communication methods."

32. Each Accused Instrumentality includes software, including the Siveillance Control application, along with other machine-executable code for dispatching enhanced information to the one or more communication destinations using the one or more communication methods. In particular, the Siveillance Control application or other code retrieves a graphics associated with an alarm signal or event message—which includes retrieving the detector objects, clickable navigation points, and graphics that appear as floor plans and visual layouts of an area—and dispatches the retrieved information to the appropriate workstation using the

Siveillance Control application. The resulting interface enables the operator to drill down from a higher level layout of alarm and its surrounding area to a lower level layout of the alarm in its surrounding area, such as from a site level, to a building level, to a floor level, to a wing or room level, to a particular zone level.

33. Plaintiff adopts and incorporates by reference, as if fully stated herein, the claim chart attached hereto as Exhibit 1. The claim chart describes and demonstrates how each Accused Instrumentality infringes claim 1 of the '082 Patent.

34. On information and belief, infringement began in or about 2019. At one or more times since infringement first began, Defendant has directly infringed and continues to directly infringe claim 1 of the '082 Patent by selling and offering for sale each Accused Instrumentality to customers in the United States in violation of 35 U.S.C. § 271(a).

35. Plaintiff is entitled to damages adequate to compensate for Defendant's direct infringement in an amount no less than a reasonable royalty for Defendant's use, together with interests and costs as fixed by the Court.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for entry of judgment against Defendant, such judgment including:

A. A declaration that Defendant has directly infringed one or more claims of the '082 Patent, in violation of 35 U.S.C. § 271(a).

B. Upon proof of Defendant's infringement, an injunction permanently enjoining Defendant from making, using, selling, offering to sell, or importing, in or into the United States, any Accused Instrumentality, including without limitation Siveillance Control and Siveillance Control Pro.

C. An award of damages to Plaintiff for Defendant's infringement, in an amount no less than a reasonable royalty.

D. An award of enhanced damages under 35 U.S.C. § 284 upon proof.

E. Prejudgment interest in an amount according to proof.

F. Attorneys' fees and costs as permitted by law.

G. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable to a jury.

Dated: July 1, 2025

Respectfully Submitted,

*/s/ Chijioke E. Offor*

Chijioke E. Offor (24065840)
Christopher L. Evans (24058901)
**OFFOR EVANS PLLC**
1122 Jackson Street Unit 901
Dallas, Texas 75202
(214) 593-9121
chiji@offorevans.com
chris@offorevans.com

*Attorneys for Plaintiff*
*Applied Capital, Inc.*